# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1889.

---

### BING v. STATE.

INSTRUCTION: *Invading province of jury.*

An instruction that if the jury believe a witness " has any bias or leaning to one side or the other  *  *  *  they should find that leaning or bias against the party in whose favor the witness leant" invades the province of the jury and is therefore erroneous.

This appeal is from a conviction for the unlawful sale of intoxicating liquor to a minor. The evidence offered to sustain the charge consisted of the testimony of the person to whom it was alleged the liquor was sold; and with reference to his testimony the court gave to the jury the following instruction, which was objected to by the defendant:

" That if the jury believe that the witness has any bias or leaning to one side or the other, the law is that they should find that leaning or bias against the party in whose favor the witness leant; that is, if the witness has any leaning or bias in favor of the State, his testimony is to be taken most strongly against the State; or, if the leaning or bias be for the defend-

ant, his testimony is to be taken most strongly against the de-fendant."

APPEAL from *Crawford* Circuit Court.

H. F. THOMASON, Judge.

*C. J. Frederick*, for appellant.

The only witness for the State contradicts himself and proves nothing. The burden of proof is on the State. *Mansf. Dig., sec. 1989.*

The oral instruction invaded the sole province of the jury. *Article 7, section 23, Constitution*; *49 Ark., 448; 37 Ark., 592; 43 id., 289; 45 id., 165; 45 id., 492; 28 Ark., 531.*

*W. E. Atkinson*, Attorney-General, and *T. D. Crawford*, for appellee.

The record shows that other instructions were given, and that the court instructed the jury as to the credibility of the witnesses.

" The entire charge should be set out. It would be mani-festly unfair, in many instances, to judge the charge by an isolated part of it." *Jones v. Nichols, 46 Ark., 209.*

The instruction is one of that class of charges that might, perhaps, with propriety, be omitted in ordinary cases, since it is impossible for any jury of ordinary intelligence to avoid reaching the same conclusion without the court's aid. It is not more objectionable, however, than would be an instruction to the jury that if they find a witness has testified falsely, they will attach no weight to the testimony. It says to the jury if they find any witness is biased that they should con-strue his testimony with that in view. The jury are left free to say whether any or all of the witnesses in the case were or were not biased, and if they were found to be so biased, *to decide what weight should be attached to their testimony.*

The courts have given a very rigid construction to the clause of the Constitution inhibiting judges from charging juries with regard to matters of fact, but we have searched in

vain for a case holding an instruction similar to this to be within that inhibition.

PER CURIAM : The instruction complained of invaded the province of the jury and is erroneous.

Reverse and remand for a new trial.